IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

DENNIS JAMES REED,

    Plaintiff,

        v.

PNC MORTGAGE, a division of
PNC BANK, N.A. f/k/a NATIONAL
CITY MORTGAGE,

    Defendant.

Civil Action No. AW-13-1536

## MEMORANDUM OPINION

Pending before the Court is Defendant's Motion to Dismiss *pro se* Plaintiff Dennis Reed's Complaint for failure to state a claim. Doc. No. 9. The Court has reviewed the record and concludes that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2011). For the following reasons, the Court will **GRANT** Defendant's Motion to Dismiss.[1]

### I. FACTUAL AND PROCEDURAL BACKGROUND

On or about March 29, 2013, Plaintiff filed this action in the Circuit Court of Prince George's County against Defendant National City Mortgage to quiet title to his Upper Marlboro, Maryland property. PNC Mortgage, which is successor in interest to National City Mortgage as a result of the merger between PNC Bank, N.A. and National City Bank, removed the action to this Court on May 28, 2013. Doc. No. 1.

Plaintiff claims title to the Upper Marlboro property based on a deed dated December 31, 2008 and recorded the same day in the land records for Prince George's County. Doc. No. 2 ¶ 2. In or about February 2009, Plaintiff obtained a refinancing loan from National City Mortgage in

---

[1] Defendant's Motion for Protective Order, Doc. No. 13, will also be **DENIED** as moot.

1

the amount of $362,207.00, which was secured by a deed of trust to National City. *Id.* ¶ 5; Doc. No. 2-1. The deed of trust named Lawyers Title Services, Inc. as the trustee. *Id.* The deed of trust was recorded in the land records for Prince George's County on February 4, 2009. Doc. No. 2 ¶ 5.

Plaintiff asserts that the deed of trust is "invalid and unenforceable" for the following reasons:

> In 2013 the Plaintiff had all mortgage documents examined and researched. Research shows that National City Mortgage has a dissolved status in the state of Maryland. Lawyers Title Services, Inc. as trustee has a forfeited status in the state of Maryland and both entities can no longer do business in the state. . . .
>
> Subject Mortgage was separated from the note at least once and remains separated, making the mortgage unenforceable, null, deficient, and illegal.
>
> A search of the land records of Prince George's County Maryland indicates that there is no valid assignment of Deed of Trust to any other parties. Therefore, neither National City Mortgage nor any of its neither [sic] assignees, nor PNC has the legal authority to enforce the Note associated with the subject Deed of Trust.
>
> National City Mortgage has [sic] the legal standing to enforce the Note, because the Deed of Trust and Note have been separated as a result of the securitization of the loan, making the subject Assignment of Deed of Trust invalid and unenforceable . . . .

*Id.* ¶ 6. Plaintiff seeks a declaration from this Court that the deed of trust is null and void and seeks to quiet title to the property from any claims by Defendant. *Id.* at 4.

Defendant filed the pending Motion to Dismiss for failure to state a claim on June 4, 2013. Doc. No. 9. The motion has been fully briefed and is ripe for the Court's consideration.

## II.  STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency of [the] complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, the complaint need only satisfy Rule 8(a) of the Federal Rules of Civil

2

Procedure, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In resolving a motion to dismiss, the Court should proceed in two steps. First, the Court should determine which allegations in the Complaint are factual allegations entitled to deference, and which are mere legal conclusions that receive no deference. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

In its determination, the Court must "accept the well-pleaded allegations of the complaint as true," *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and "must construe factual allegations in the light most favorable to the plaintiff," *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court should not, however, accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), "legal conclusion[s] couched as . . . factual allegation[s]," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

Complaints filed by *pro se* plaintiffs are "to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citations omitted)

3

(internal quotations omitted). However, "even a *pro se* complaint must meet a minimum threshold of plausibility." *Hawkins v. Hairston*, No. 12-cv-1366-JKB, 2012 WL 5503839, at *2 (D. Md. Nov. 8, 2012).

III. ANALYSIS

Plaintiff first alleges that the deed of trust is invalid and unenforceable because the original lender and trustee—National City Mortgage and Lawyers Title Services, Inc., respectively—are no longer in good standing to do business in Maryland. Doc. No. 2 ¶ 6(a). Exhibits attached to Plaintiff's Complaint demonstrate that National City Mortgage has been dissolved and Lawyers Title Services is in forfeiture. Doc. No. 2-1 at 1-2. Plaintiff cites no authority, and the Court is aware of none, which would render the deed of trust invalid and unenforceable on these grounds. PNC Mortgage, as successor in interest to National City Mortgage, has the same right to benefit from the deed of trust as the original lender.[2] And even assuming that the deed of trust was defective for naming a forfeited entity as trustee, it would not be invalid or unenforceable. "An error or omission in a mortgage or deed of trust concerning the designation of the trustee or the individual authorized to exercise a power of sale does not invalidate the instrument or the ability of the mortgagee or beneficiary of the deed of trust to appoint an individual to exercise the power of sale." Md. Code, Real Prop. § 7-105(b)(4). The deed of trust in this case expressly grants the lender and beneficiary the power to remove a trustee and appoint a successor trustee. Doc. No. 2-1 ¶ 24. Accordingly, Plaintiff's argument that the deed of trust is invalid or unenforceable based on the status of National City Mortgage or Lawyers Title Services is without merit.

Plaintiff's arguments that the deed of trust is invalid and unenforceable because it has been "separated" from the underlying note are similarly without merit. *See* Doc. No. 2 ¶¶ 6(b),

---

[2] Plaintiff does not raise a factual dispute that PNC Mortgage is successor in interest to National City Mortgage.

6(d). Courts in this district have rejected similar claims based on the alleged separation of a note from the deed of trust. *See, e.g.*, *Parker v. Deutsche Bank Nat'l Trust Co.*, No. WMN-12-3358, 2013 WL 1390004, at *2-3 (D. Md. Apr. 3, 2013). Although Plaintiff presents no facts indicating that his loan was securitized, he appears to object to securitization in general. *See* Doc. No. 2 ¶ 6(d). Even assuming that his loan was securitized, Plaintiff has presented no basis for the Court to declare the deed of trust invalid or unenforceable. *See, e.g.*, *Edokobi v. Greenpoint Mortg. Funding*, No. JFM-13-288, 2013 U.S. Dist. LEXIS 45782, at *2 (D. Md. Mar. 29, 2013) ("Securitization of mortgages is not illegal."); *Suss v. JP Morgan Chase Bank, N.A.*, No. WMN-09-1627, 2010 WL 2733097, at *5 (D. Md. July 9, 2010) ("The various arguments that Plaintiff advances to support his theory that the securitization rendered the Note unenforceable are also without legal support.").[3] Therefore, Plaintiff has failed to state a plausible claim for relief based on the alleged separation of the note from the deed of trust or the securitization of his loan.

Finally, Plaintiff appears to object to the fact that there is no valid assignment of the deed of trust recorded in the land records of Prince George's County. Plaintiff's argument is without merit for multiple reasons. First, no assignment from National City Mortgage to PNC Mortgage was necessary because PNC is the successor in interest to the rights of National City Mortgage. *See* Md. Code, Corps. & Ass'ns § 3-114(e)(1) (as a result of merger or consolidation, "[t]he assets of each [entity] transfer to, vest in, and devolve on the successor without further act or deed"). Second, under Maryland law, "[a] deed of trust securing a negotiable promissory note cannot be transferred like a mortgage; rather, the corresponding note may be transferred, and carries with it the security provided by the deed of trust." *Deutsche Bank Nat'l Trust Co. v.*

---

[3] Furthermore, the deed of trust relating to Plaintiff's property expressly gives the lender the authority to sell its interest in the loan without prior notice to the borrower/trustor. Doc. No. 2 ¶ 20.

*Brock*, 63 A.3d 40, 48 (Md. 2013). Accordingly, there is no legal requirement that an assignment of a deed of trust must be recorded in Maryland. *See also In re Williams*, 277 B.R. 78, 81-82 (Bankr. D. Md. 2002) ("The holder of the deed of trust note (creditor) may transfer the note to another party without recording a new deed of trust or other instrument of conveyance in the Land Records."). For these reasons, Plaintiff has failed to state a plausible claim for relief, and his Complaint must be dismissed.

Plaintiff makes a variety of new factual allegations and claims in his opposition to Defendant's Motion to Dismiss. Specifically, Plaintiff appears to claim that PNC Mortgage's response to his "qualified written request" (QWR) was inadequate under the Real Estate Settlement Procedures Act (RESPA). Doc. No. 12 at 3-4. Plaintiff also claims that National City Mortgage breached its contract, which "voids the loan." *Id.* at 4-5. As an initial matter, Plaintiff may not raise new claims for the first time in an opposition brief. *See, e.g.*, *Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997) ("[The plaintiff] is bound by the allegations contained in the complaint and cannot, through the use of motion briefs, amend the complaint."). Regardless, the Court has reviewed Plaintiff's new arguments and concludes that they are without merit.

Under RESPA, a qualified written request may be made "for information relating to the *servicing*" of a loan. 12 U.S.C. § 2605(e)(1)(A) (emphasis added); *see also id.* § 2605(i)(3). However, Plaintiff's purported QWR to Defendant contested the validity of the loan and requested various documents and information relating to the origination and transfer of the note and deed of trust. Doc. No. 12-1 at 3-7. In *Ward v. Security Atlantic Mortgage Electronic Registrations Systems, Inc.*, the district court held that a similar correspondence did not qualify as a "qualified written request" under RESPA:

> Here, Plaintiffs include as an exhibit to the amended complaint a document entitled "Qualified Written Request" dated March 19, 2010. . . . A fair reading of this document, however, leads the court to conclude that it served as a communication challenging the validity of the loan and not a communication relating to the servicing of the loan as defined by *statute*. Indeed, the letter seeks *inter alia* copies of loan documents, assignments of the deed of trust and promissory note and copies of property inspection reports and appraisals and a loan transactional history. . . . There are no allegations in the amended complaint regarding irregularities in [the defendant]'s servicing of the loan and the notice does not identify purported errors with Plaintiffs' account or ask questions relating to [the defendant']s servicing thereof. . . . Accordingly, Plaintiffs' March 2010 notice did not qualify as a valid QWR and thus [the defendant]'s failure to respond thereto does not subject [it] to RESPA liability.

858 F. Supp. 2d 561, 574-75 (M.D.N.C. 2012) (citations and footnotes omitted); *see also In re Ginn*, 465 B.R. 84, 95 (Bankr. D.S.C. 2012) (holding that request for proof that bank was holder of the note and mortgage was not a "qualified written request" under RESPA). Accordingly, Plaintiff has not demonstrated a plausible claim for relief pursuant to RESPA.

Plaintiff also asserts in his opposition that National City Mortgage breached its contract with him. The contours of Plaintiff's breach of contract claim are not entirely clear. However, Plaintiff writes in his brief that "[u]pon information and belief, NCM did not loan Plaintiff money." Doc. No. 12 at 4. Plaintiff did not allege in his Complaint that he did not receive the loan proceeds specified in the deed of trust. Indeed, even his opposition appears to acknowledge that he executed the loan on or about February 4, 2009, and that the amount of the loan was $362,207.00. *Id.* at 1. Furthermore, a breach of contract action does not lie merely because Plaintiff now believes that he agreed to unfavorable terms. Plaintiff also appears to rely on the allegation that National City Mortgage is dissolved, *id.* at 4, but this is insufficient to state a claim for the reasons discussed above.[4]

---

[4] The Court further notes that to the extent Plaintiff's breach of contract claim is based on not receiving all the loan proceeds due to him, it would be barred by the statute of limitations. "A civil action at law shall be filed within three years from the date it accrues." Md. Code, Cts. & Jud. Proc. § 5-101. The Court of Appeals of Maryland has held that the discovery rule generally applies to a cause of action brought under § 5-101 and that "the cause of action

7

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss will be **GRANTED**, and Plaintiff's claims against Defendant will be dismissed with prejudice. Plaintiff will not be granted leave to file an amended complaint in this case, as amendment would be futile. A separate Order follows.

__July 2, 2013__  
Date

        /s/  
Alexander Williams, Jr.  
United States District Judge

---

accrues when the claimant in fact knew or reasonably should have known of the wrong." *Poffenberger v. Risser*, 431 A.2d 677, 680 (Md. 1981). Reading the Complaint and opposition brief liberally, Plaintiff appears to identify February 4, 2009 as the date of wrongdoing. Plaintiff would have been aware of all facts constituting the wrong in or about February 2009, and therefore, his claim would be barred.